UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF

STEVEN MENDOZA, individually and on behalf of other persons similarly situated,

Case No.: 20-cv-659

**COMPLAINT COLLECTIVE AND CLASS ACTION**

Plaintiffs,

-against-

UNITED SALES U.S.A. CORP., SOLOMON ENDZWEIG, and ABRAHAM GOLDBERGER,

Defendants.

Plaintiff, Steven Mendoza, individually and on behalf of other persons similarly situated (collectively "Plaintiffs"), by their attorneys, Conover Law Offices, for their complaint against defendants, United Sales U.S.A. Corp., Solomon Endzweig, and Abraham Goldberger, (collectively "Defendants"), respectfully allege as follows:

**NATURE OF ACTION**

1. This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") collective and class action for damages against defendants to recover unpaid minimum wages, overtime wages, unlawful deductions, and damages for unlawful termination and retaliation, and for failure to provide wage statements and notice of wage rate under the NYLL §§ 162, 190-193, 198, 650 *et seq.* and 663, as amended by the Wage Theft Prevention Act of 2011, 12 N.Y.C.R.R. § 142.

2. This lawsuit seeks to recover unpaid minimum wage and overtime compensation for Plaintiff and his similarly situated co-workers who have worked for Defendants in New York in excess of 40 hours per week as truck drivers driving vehicles

weighing less than 10,000 pounds and warehouse workers. Defendants wrongfully misclassified Plaintiff and his similarly situated co-workers as independent contractors when in fact, under federal and state wage laws, they should have been treated as employees.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over this controversy is based upon the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5. Defendants do business in Kings, Queens, Westchester, Nassau and Suffolk Counties and maintain a principal place of business at 185 30th Street, Brooklyn, NY 11232.

6. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7. Plaintiff Steven Mendoza resides in Whitestone, New York and was employed by defendants as a truck driver and warehouse employee from July through August 2019.

8. Upon information and belief, defendant United Sales U.S.A. Corp. ("United Sales") is a corporation organized and existing under the laws of New York,

authorized to do business in New York, and owns and operates a janitorial supply company located at 185 30th Street, Brooklyn, NY 11232.

9. Defendant Solomon Endzweig ("Endzweig") is an individual engaged in business in the City and County of Kings, is an owner and/or manager of United Sales, and is sued individually in his capacity as an owner, officer and/or agent of United Sales.

10. Defendant Abraham Goldberger ("Goldberger") is an individual engaged in business in the City and County of Kings, was Plaintiff Steven Mendoza's direct supervisor, is an owner and/or manager of United Sales, and is sued individually in his capacity as an owner, officer and/or agent of United Sales.

11. Defendants exercise sufficient control over United Sales' operations to be considered plaintiff's and other similarly situated employees' employers under the FLSA and NYLL, have the power to hire and fire plaintiffs, controlled plaintiffs' terms and conditions of employment and, at all relevant times, established and implemented the pay practices at United Sales.

## FACTS

### COLLECTIVE AND CLASS ACTION ALLEGATIONS

12. Defendants were and are, at all relevant times, in an industry affecting commerce within the meaning of 29 U.S.C § 203(b).

13. Upon information and belief, defendants are an enterprise whose annual gross volume or sales made or business done is not less than $500,000, exclusive of sales taxes.

14. Plaintiffs bring this action as a collective action pursuant to FLSA on behalf of those non-managerial warehouse employees and truck drivers employed within

the three-year period prior to the filing of this complaint who elect to opt-in to this action (the "FLSA Collective") and pursuant to Fed. R. Civ. P. Rule 23, on behalf of a class of all past, present and future non-managerial warehouse employees and truck drivers of defendant United Sales employed during the six-year period prior to the filing of this complaint, except those who elect to opt out of this action (the "Plaintiffs" or "Class").

15. Beginning in or about July 2019 through August 2019, defendants employed the plaintiff, and for a six-year period preceding the filing of the complaint, defendants employed other members of the Class, and for a three-year period preceding the filing of the complaint, defendants employed other members of the FLSA Collective, all to perform work as truck drivers and warehouse employees performing similar driving work and warehouse tasks.

16. Upon information and belief, at all relevant times, defendants employed more than 10 similarly situated persons in a similar capacity, comprising the putative class.

17. The putative class is so numerous that joinder of all members is impracticable.

18. The names of all potential members of the putative class are not known or knowable without defendants' records or discovery.

19. Plaintiffs and all members of the putative class constitute "employees" as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting these statutes.

20. The payments made to plaintiffs and other members of the putative class by defendants constitute wages as that term is defined under FLSA and the NYLL.

21. Common questions of law and fact predominate in this action including, but not limited to, the following:

    a. whether defendants failed to pay the statutory minimum wage;

    b. whether defendants failed to pay overtime wages at the rate of one and one half times the regular rate of pay for all hours worked in excess of 40 hours in any given week;

    c. whether defendants failed to pay spread of hours compensation, at one additional hour's pay at the regular rate for all days plaintiffs worked more than 10 hours;

    d. whether defendants failed to afford employees who worked at least a six hour shift no less than a 30 minute break;

    e. whether defendants made unlawful deductions from employees' pay;

    f. whether defendants failed to provide employees with wage statements;

    g. whether defendants failed to provide employees with statements of their rate of pay;

    h. whether defendants kept adequate and proper records;

    i. whether defendants retaliated against plaintiffs and/or the Class for asserting their rights to compensation under the law; and

    j. whether defendants may be liable for compensatory damages and/or punitive damages and the amount of such damages.

22. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudication.

23. Individual litigation of these claims would be entirely impractical and would impair the ability of Class members to protect their interests.

24. Steven Mendoza is a member of the Class and his claims are typical of those of the Class, and he will fairly and adequately protect the interests of the Class.

25. Steven Mendoza's interests do not conflict with those of the Class.

26. Steven Mendoza will fairly and adequately represent the Class, and has retained competent counsel experienced in class action litigation.

27. Steven Mendoza is not aware of any other proceeding arising out of the issues in this action.

28. This Court is the appropriate forum for the instant action as defendants have their headquarters in this District, and all activities at issue took place here.

29. Steven Mendoza anticipates no difficulty in the management of this class action.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31. The Class members have been damaged and are entitled to recovery as a result of defendants' common, uniform, unlawful, and unfair personnel policies and practices.

32. Defendants have computerized payroll and personnel data that will make calculation of damages for specific Class members relatively simple.

33. The propriety and amount of compensatory and punitive damages are issues common to the Class.

34. Upon information and belief, the FLSA Collective consists of over ten (10) similarly situated current and former employees of United Sales who have been victims of defendants' common policy and practices in violation of their rights under the FLSA by, *inter alia*, willfully denying them minimum wage, overtime, and other wages and by making unlawful deductions from wages.

35. As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiffs, the Class, and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL, which policy and pattern or practice includes the following:

   a. Failing to pay employees the minimum wage for all hours worked;

   b. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

   c. failing to pay employees spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than 10 hours; and

   d. making unlawful deductions from employees' wages to cover uniform and hotel expenses.

36. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

37. Defendants unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to the plaintiffs, the Class, and the FLSA Collective.

38. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the lawsuit. Those similarly situated employees are known to United Sales, are readily identifiable, and locatable through United Sales' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

39. As a standard practice, United Sales failed to pay statutory minimum wage to plaintiff and similarly situated employees for all hours worked up to and including 40 hours per week.

40. As a standard practice, United Sales failed to pay overtime to plaintiff, the Class and the FLSA Collective for all hours worked in excess of 40 hours. The exact accounting of how many hours were inadequately compensated can only be determined for each plaintiff and the FLSA Collective upon completion of discovery.

41. As a standard policy and practice, United Sales failed to afford employees who worked shifts in excess of six hours a 30-minute break, in violation of the NYLL § 162.

42. Plaintiff and other similarly situated employees regularly worked in excess of 40 hours per week and were not compensated at the rate of one and one-half times their regular rate of pay.

43. The exact accounting of overtime violations can only be determined for each plaintiff and the Class upon completion of discovery.

44. Plaintiff and other similarly situated employees regularly worked more than 10 hours in a workday and were not compensated at the rate of one additional hour's pay at the minimum wage for each such day.

45. The exact accounting of spread-of-hours violations can only be determined for each plaintiff and the Class upon completion of discovery.

46. Plaintiff and other similarly situated employees were regularly paid a salary intended to compensate them for 40 hours of work.

47. There were no signs at United Sales informing plaintiffs of federal or New York State minimum wage, overtime, and spread of hours laws or employees' rights under the laws. Therefore, plaintiffs were not given effective notice of these laws.

48. Defendants failed to provide plaintiff and other similarly situated employees notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law § 195 at the time of hire and at the time of every wage payment.

49. Upon information and belief, defendants engaged in a pattern and practice of willfully misclassifying employees as independent contractors, and failing to pay United Sales employees minimum wage, overtime, and spread of hours pay and failing to provide statutory breaks.

50. Upon information and belief, defendants engaged in a pattern and practice of willfully disregarding and purposefully evading recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate timesheets and payroll records.

**Steven Mendoza**

51. On or about July 5, 2019, plaintiff, Steven Mendoza, was hired as a truck driver and warehouse employee at United Sales.

52. When he was hired, Mr. Mendoza was told that he would be paid $18.75 per hour and would be paid for all overtime hours above 40 hours per week.

53. Upon information and belief, Mr. Mendoza drove a Ford Transit Cargo Truck, which weighed under 10,001 pounds when not loaded, five (5) days per week during week days, making deliveries to the company's customers throughout New York City, and to locations in Long Island, Westchester, and New Jersey, among others.

54. Mr. Mendoza regularly worked one weekend day per week as a warehouse worker in United Sales' warehouse located at 185 30th Street, Brooklyn, NY 11232.

55. Defendants set plaintiff's schedule, and provided the list of delivery locations, and the items to be delivered; on the occasions plaintiff worked at the warehouse, defendants assigned him tasks.

56. Mr. Mendoza did not work for any other company or entity while employed with defendants.

57. Plaintiff did not have, and need not have had, a commercial drivers' license; he simply had a standard drivers' license.

58. Steven Mendoza was paid below minimum wage at all relevant times.

59. From on or about July 5, 2019 through August 2019, Steven Mendoza worked in excess of 40 hours per week, but was not paid statutory overtime pay for overtime hours worked at all relevant times.

60. From on or about July 5, 2019 through August 2019, Steven Mendoza regularly worked in excess of 10 hours per day, but was not paid statutory spread of hours pay at all relevant times.

61. From on or about July 5, 2019 through August 2019, Steven Mendoza regularly worked shifts in excess of six hours, yet defendants failed to provide him with a 30 minute break for meals or any other breaks.

62. Every Tuesday, Mr. Mendoza reported his weekly hours to Solomon Endzweig.

63. Mr. Mendoza was regularly paid only $750 per week as a salary intended to cover 40 hours per week.

64. Mr. Mendoza repeatedly asked his supervisor, Abraham Goldberger ("Abe"), for his overtime pay to which Mr. Goldberger replied that the overtime would be in his next paycheck.

65. Mr. Mendoza's paycheck dated 8/29/2019 was for less than half his weekly salary due to unlawful deductions for hotel expenses and clothing costs.

66. When Mr. Mendoza complained about the unlawful deductions from his paycheck dated 8/29/2019 and again requested his unpaid overtime, defendants terminated him in retaliation.

67. Mr. Mendoza texted his supervisor, Mr. Goldberger, "Why are you doing this Abe[? Y]ou told me I would be paid for my overtime you haven't paid me and now your chopping my check for the hotels and expenses you said to charge for the trips upstate this is[n']t right your wrong."

68. In response to this request for payment of unpaid wages by Mr. Mendoza, Mr. Goldberger texted, "I can do what I want it's your word against mine."

69. Mr. Mendoza then texted, "Am I fired[?]"

11

70. Mr. Goldberger replied by text, "Yes you can consider yourself terminated."

71. Mr. Mendoza responded via text, "I don't understand all I did was ask about my overtime it's been over two months of overtime and every time I asked you said it will be in my next check and every time I ask you keep saying your in a meeting you can't talk on and on[.] Abe I need my money."

72. Mr. Goldberger acknowledged Mr. Mendoza was due overtime pay, stating via text message, "I told you I needed more time and you chose not to give me any more."

## FIRST CLAIM FOR RELIEF
## FLSA MINIMUM WAGE COMPENSATION

73. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-72 as if fully set forth herein.

74. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the FLSA Collective.

75. The FLSA requires that employers pay all employees a minimum wage for all hours worked weekly up to 40 hours, unless they are exempt from coverage.

76. Throughout the statute of limitations period covered by these claims, defendants knowingly and willfully failed to pay plaintiff and the FLSA Collective the minimum wages for the actual hours they worked in violation of the FLSA.

77. Defendants willfully and intentionally failed to compensate plaintiffs at minimum wage for all hours worked up to 40 hours.

78. As a result of defendants' willful and unlawful violations of the FLSA, plaintiff and the FLSA Collective are entitled to recover their unpaid wages, reasonable

12

attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## SECOND CLAIM FOR RELIEF
## NYLL MINIMUM WAGE COMPENSATION

79. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-78 as if fully set forth herein.

80. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

81. Defendants failed to pay plaintiff and the Class the minimum wage to which they are entitled under the NYLL for all hours worked weekly up to 40 hours in violation of NYLL § 652.

82. Throughout the statute of limitations period covered by these claims, defendants knowingly and willfully failed to pay plaintiff and the Class the minimum wages for the actual hours they worked in violation of the NYLL § 663.

83. As a result of defendants' willful and unlawful violations of the NYLL, plaintiff and the Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## FLSA OVERTIME WAGES

84. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-83 as if fully set forth herein.

85. This claim is brought individually on behalf of the named plaintiff and the FLSA Collective.

13

86. The FLSA requires that employers pay all employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours during any work week pursuant to 29 U.S.C. § 207 *et seq.*

87. Defendants violated the FLSA by failing to compensate plaintiff and the FLSA Collective for overtime wages.

88. Defendants willfully and intentionally failed to compensate plaintiff and the FLSA Collective for overtime wages.

89. As a result of defendants' willful and unlawful violations of the FLSA, plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### FOURTH CLAIM FOR RELIEF
### NYLL OVERTIME WAGES

90. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-89 as if fully set forth herein.

91. This claim is brought individually on behalf of the named plaintiff and the Class.

92. The NYLL requires that employers pay employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours during any work week.

93. Defendants violated the NYLL by failing to compensate plaintiff and the Class for overtime wages.

94. Defendants willfully and intentionally failed to compensate plaintiff and the Class for overtime wages.

95. As a result of defendants' willful and unlawful violations of the NYLL, plaintiff and the Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CLAIM FOR RELIEF
## NYLL UNLAWFUL DEDUCTIONS

96. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-95 as if fully set forth herein.

97. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

98. NYLL § 193 prohibits employers from making any deductions from an employee's wages except for those permitted by law.

99. Defendants willfully and intentionally made unlawful deductions from the wages of employees to cover expenses.

100. As a result of defendants' willful and unlawful violations of the NYLL, plaintiff and the Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## SIXTH CLAIM FOR RELIEF
## NEW YORK SPREAD OF HOURS

101. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-100 as if fully set forth herein.

102. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

103. Defendants willfully and intentionally failed to compensate plaintiffs with an additional one hour's pay at the full minimum wage for each day their workday exceeded 10 hours, as required under New York Labor Law § 650 *et seq.* and 12 N.Y.C.R.R. § 137-1.7.

104. As a result of defendants' willful and unlawful violations of the NYLL, plaintiff and the Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### SEVENTH CLAIM FOR RELIEF
### NEW YORK NOTICE VIOLATIONS

105. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-104 as if fully set forth herein.

106. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

107. Defendants willfully and intentionally failed to provide plaintiffs with notices as required under New York Labor Law § 195 including notice of pay rate and wage statements.

108. Plaintiffs are each accordingly entitled to penalties of up to $5,000 for each such notice violation as required by the NYLL, reasonable attorneys' fees and costs of this action, and pre- and post-judgment interest pursuant to New York Labor Law § 198.

### EIGHTH CLAIM FOR RELIEF
### UNLAWFUL RETALIATION AGAINST MR. MENDOZA
### IN VIOLATION OF FLSA

109. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-108 as if fully set forth herein.

16

110. This claim is brought individually on behalf of the named plaintiff.

111. Defendants willfully and intentionally terminated plaintiff's employment in retaliation for his good faith complaint about defendants' failure to pay him all wages due in violation of FLSA.

112. As a result of defendants' willful and unlawful violations of the FLSA, plaintiff is entitled to recover his unpaid wages, reasonable attorneys' fees and costs of the action, back pay, front pay, punitive and/or liquidated damages, and pre- and post-judgment interest.

### NINTH CLAIM FOR RELIEF
### UNLAWFUL RETALIATION AGAINST MR. MENDOZA
### IN VIOLATION OF NYLL

113. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-112 as if fully set forth herein.

114. This claim is brought individually on behalf of the named plaintiff.

115. Defendants willfully and intentionally terminated plaintiff's employment in retaliation for his good faith complaint about defendants' failure to pay him all wages due in violation of the NYLL.

116. As a result of defendants' willful and unlawful violations of the NYLL, plaintiff is entitled to recover his unpaid wages, reasonable attorneys' fees and costs of the action, back pay, front pay, punitive and/or liquidated damages, and pre- and post-judgment interest.

**WHEREFORE**, plaintiffs respectfully request that the Court enter judgment in plaintiffs' favor and against defendants, containing the following relief:

  A. On all Claims for Relief, an award of damages in an amount to be determined at trial, plus prejudgment and post-judgment interest, to compensate plaintiffs for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

  C. On all Claims for Relief, an award of damages for any and all other monetary and/or non-monetary losses suffered by plaintiff in an amount to be determined at trial, plus prejudgment interest;

  D. On all Claims for Relief, an award of punitive and/or liquidated damages;

  E. On all Claims for Relief, an award of costs that plaintiffs have incurred in this action, and plaintiffs' reasonable attorneys' fees to the fullest extent permitted by law;

  F. On all Claims for Relief, that this Court issue an order: 1) certifying this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure; 2) designating plaintiff as representative of the class; 3) designating the undersigned counsel as counsel for the class;  4) directing an audit of defendants books and records to determine the names and addresses of their employees and payroll information; 5) notifying the putative class of this action and their rights; and 6) entering judgment in favor of plaintiff class and against defendants;

  G. On all Claims for Relief, that this Court issue an order: 1) certifying this action as a FLSA collective action; 2) designating plaintiff as representative of the class; 3) designating the undersigned counsel as counsel for the collective;  4) directing an audit of defendants books and records to determine the names and addresses of their employees

and payroll information; 5) notifying the putative collective of this action and their rights; and 6) entering judgment in favor of plaintiff collective and against defendants; and

    H.    On all Claims for Relief, such other and further relief as the Court may deem just and proper.

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY
ON ALL CLAIMS FOR RELIEF**

Dated: New York, New York
       February 4, 2020

CONOVER LAW OFFICES
Attorneys for Plaintiffs

By:    /s/
Molly Smithsimon, Esq.
Bradford D. Conover, Esq.
345 Seventh Avenue, 21st Floor
New York, NY 10001
(212) 588-9080
molly@conoverlaw.com
brad@conoverlaw.com